UNITED STATES DISTRCIT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRENDA WALLACE,

    Plaintiff,

v.                                      CASE NO.:    3:17-CV-88-CRS

CREDIT ONE BANK, N.A.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, Brenda Wallace, by and through the undersigned counsel, and sues Defendant, CREDIT ONE BANK, N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like CREDIT ONE BANK, N.A. from invading American citizen's privacy and to prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings

1

presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. The alleged violations described herein occurred in Jefferson County, Kentucky. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Kentucky, residing in Jefferson County, Kentucky.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant, CREDIT ONE BANK, N.A., is a corporation with its principal place of business located at 585 Pilot Rd., Las Vegas, NV 89119 and which conducts business in the State of Kentucky.

12. CREDIT ONE BANK, N.A. called Plaintiff over one hundred fifty (150) times since revocation in January 2016, Plaintiff asked defendant to "please stop calling me. Send my bill in the mail." Defendant continued to call in an attempt to collect a debt.

13. Upon information and belief, some or all of the calls CREDIT ONE BANK, N.A. made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator

(including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that her knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from CREDIT ONE BANK, N.A..

14. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (502)-***-8001, and was the called party and recipient of Defendant's calls.

15. Beginning on or about January 2016, CREDIT ONE BANK, N.A. began bombarding Plaintiff's cellular telephone (502)-***-8001 in an attempt to collect on a credit card loan.

16. Upon receipt of the calls, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers 502-324-1523 and (651) 286-7940. Due to the sheer number of calls the plaintiff was not able to keep a log and/or record of all the calls.

17. CREDIT ONE BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

18. CREDIT ONE BANK, N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or CREDIT ONE BANK, N.A., to remove the number.

19. CREDIT ONE BANK, N.A.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to CREDIT ONE BANK, N.A. they do not wish to be called.

20. CREDIT ONE BANK, N.A. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

21. CREDIT ONE BANK, N.A. has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

22. CREDIT ONE BANK, N.A. has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

23. CREDIT ONE BANK, N.A.'s corporate policy provided no means for Plaintiff to have Plaintiff's number removed from CREDIT ONE BANK, N.A. call list.

24. CREDIT ONE BANK, N.A. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

25. Not one of CREDIT ONE BANK, N.A.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

26. CREDIT ONE BANK, N.A. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

27. From each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

28. From each and every call without express consent placed by CREDIT ONE BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from CREDIT ONE BANK, N.A. call.

29. From each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

30. Each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

31. Each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

32. Each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

33. Each and every call placed without express consent by CREDIT ONE BANK, N.A. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

34. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

35. Plaintiff fully incorporates and re-alleges paragraphs one (1) through thirty-four (34) as if fully set forth herein.

36. CREDIT ONE BANK, N.A. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified CREDIT ONE BANK, N.A. that Plaintiff wished for the calls to stop

37. CREDIT ONE BANK, N.A. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CREDIT ONE BANK, N.A. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

s/Andrea L. Wasson
Andrea L. Wasson
Wasson & Thornhill, PLLC
3000 Breckenridge Lane
Louisville, KY 40220
(502) 964-7878
(855) 257-9256 FAX
andrea@wassonthornhill.com